# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

TERRY C. LANCASTER

CASE NUMBER: 8:01-cr-194-T-23MAP
USM NUMBER: 39655-018

Defendant's Attorney: None

Date Original Judgment Signed: December 15, 2003

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Lancaster moves (Doc. 217) under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United Sentencing Commission pursuant to 28 U.S.C. § 994(u).

#### Amendment 706

Lancaster's motion cites a Sentencing Guideline amendment "effective November 1, 2007," and recites changes to the drug quantity table effective November 1, 2007. Those changes resulted from Amendment 706 to the Sentencing Guidelines, which, on March 8, 2008, the United States Sentencing Commission applied retroactively.

Lancaster previously moved (Doc. 182) for a sentence reduction under § 3582(c) and Amendment 706. The motion was denied on April 16, 2008 (Doc. 187) because Lancaster is a career offender, and his sentence is not based on the amount of drugs involved in the offense. The appellate court affirmed (Doc. 201) the denial and held that, "[t]he determination that Lancaster should be sentenced as a career offender cannot be re-opened in a § 3582(c) proceeding." Lancaster raises no new argument that would entitle him to relief under § 3582(c) and Amendment 706.

Upon consideration of the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, Lancaster's motion for a sentencing reduction under § 3582(c) and Amendment 706 is again **DENIED**.

#### Amendment 750

Even assuming Lancaster intended to file the current motion under Amendment 750, a recent, retroactive amendment to the Sentencing Guidelines that again alters the drug quantity table for certain drug offenses, Lancaster remains a career offender under Section 4B1.1 of the Sentencing Guidelines (offense level 35, criminal history VI, range 292-365). Lancaster's 292-month sentence is not derived from the amount of cocaine base for which he is responsible. Instead, the sentence is dictated by Lancaster's career offender status. *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert. denied, McFadden v. United States*, 555 U.S. 1125, 129 S. Ct. 965, 173 L.Ed.2d 156, *and cert. denied*, ___ U.S. ___, 129 S. Ct. 1601, 173 L.Ed.2d 689 (2009); *United States v. Lawson*, 2012 WL 2866265 (11th Cir. 2012).

Section 1B1.10(a)(2)(B) provides that a sentence reduction is "not consistent with this policy statement and therefore is not authorized ... under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range," which occurs in this instance. The motion, construed as a motion under § 3582(c) and Amendment 750, is **DENIED**.

IT IS SO ORDERED.

Order Date: August 23rd, 2012

*Judge's Signature*

Effective Date: _____
*(if different from order date)*

STEVEN D. MERRYDAY, U.S. DISTRICT JUDGE
*Printed name and Title*